29 51
60 407

STEPHEN D. CRAGIN *vs.* RUSSELL COE AND OTHERS.

*A* leased to *B* certain personal property, with an agreement to sell the same to him on payment of the price, which was agreed upon; the title until such payment to remain in *A*. A part of the price was paid at the time in cash, and the negotiable notes of *B* given for the balance, which he finally failed to pay. Held, that the title remained in *A*, and that a party to whom *B* pledged the property while he had possession, and who had no knowledge of *A's* interest in it, acquired no title which was valid against that of *A*.

TROVER for two billiard tables, tried to the jury. The plaintiff had delivered the tables to one Mellen, under a contract for the sale of them, at a price agreed upon, a part of the price being paid in cash and the negotiable notes of Mellen on time being given for the balance. The notes thus given were never paid. The defendants claimed that Mellen, while in possession of the tables, had delivered the same to them as security for a debt due them from him, and that they had at the time no knowledge of any claim of the plaintiff upon the tables. The plaintiff claimed, and offered evidence to prove, that his sale of the tables to Mellen was a conditional one, and that they were not to become his property until they were paid for, and that in the mean time Mellen was to hold them as lessee ; and requested the court to charge the jury that, if they should find

the fact to be so, he was entitled to recover, although a part of the price was paid down in cash at the time and notes given for the balance.

The defendants requested the court to charge the jury that, if they should find that the tables were delivered to Mellen at a price agreed upon, and a part of the same was paid by him in cash, and the balance by his negotiable notes, the title to the tables was thereby vested in Mellen, and he might thereafter sell or pledge the same, notwithstanding the lease which might have been made of the same at the time of such delivery and payment. The court instructed the jury that if the plaintiff had sold the tables to Mellen he could not recover, but that if, at the time of the transaction, and before delivery, he entered into an agreement with him that he would sell them at a future period when payment should in fact be made, and that in the mean time he leased the tables to him to use, although the price to be thereafter paid· was agreed upon, and a part paid in cash, and notes were given for the balance, still, if the parties agreed that the title should not pass to Mellen until the entire price was paid in cash, the plaintiff was entitled to recover.

The jury returned a verdict for the plaintiff, and the defendants moved for a new trial.

*Blackman*, with whom was *Wright*, in support of the motion, cited *Hart* v. *Carpenter*, 24 Conn., 427, 430, and *Howes* v. *Ball*, 7 Barn. & Cress., 481.

*Doolittle*, contra, cited *Hussy* v. *Thurston*, 4 Mass., 405 ; *Barrett* v. *Pritcherd*, 3 Pick., 512 ; *Ayer* v. *Bartlett*, 9 id., 156 ; *Fairbanks* v. *Phelps*, 22 id., 535 ; *Forbes* v. *Marsh*, 15 Conn., 384 ; *Hart* v. *Carpenter*, 24 id., 427 ; *Comstock* v. *Savage*, 27 id., 184.

ELLSWORTH, J. The defendants except to the charge of the court below, because the judge refused to instruct the jury, as they had requested, that if Cragin had agreed with Mellen upon the price of the tables, and had paid a part in money and

Cragin *v.* Coe.

given his notes for the balance on time, the title to the tables, as a matter of law, passed out of Cragin and vested in Mellen, although at the time it was understood and agreed between them that the sale should not be held to be complete and executed, but only executory and contingent, awaiting the payment of the notes.

The very statement presents a case so bald that there can not exist a momentary doubt that the judge was right in refusing to comply with the defendants' request. The jury has found that there had been no sale of the tables to Mellen, but that he had them under a lease, with a right to become the owner at a future time if he fulfilled his agreement, but not otherwise. If the transaction was *bona fide*, as it must be taken to have been, the defendants can not avoid the effect of it, unless there be a principle of law that a man may not contract to sell that which is his own.

The fact so much dwelt upon by the defendants' counsel, that part of the purchase money was paid down and the balance agreed to be paid thereafter, can make no possible difference. The credit was made to depend on the security, and that was carefully retained by the plaintiff.

Nothing is more common than such conditional sales. Scarce a book of reports can be opened which does not present more or less of them, especially those of the New England courts; and certainly, after the decisions of this court in the cases of *Forbes* v. *Marsh*, 15 Conn., 384, and *Hart* v. *Carpenter*, 24 id., 427, we can not allow the question to be treated as open for discussion. To these decisions we refer for the grounds upon which the doctrine of the cases is placed.

We therefore do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.